Pearson, J.
 

 After the order, dissolving the injunction, was affirmed in this Court, 6 Ire. Eq. 278, the plaintiffs paid the money into the office of the Superior Court of Law for Rutherford County, and filed an affidavit in the Court of Equity for the said County, setting forth that Sims, one of the plaintiffs at law, is possessed of little property, and is not Worth more than his debts; Jefferson, the other plaintiff at law, has left the State and removed to Arkansas, and has no property in this State ; and “the ■greater number of the heirs at law are non residents of
 
 *51
 
 this State, the affiants believe that they all are, except A. H. Sims, John Cowan, and John Price and wife, and they are informed and believe that Price is worth little property if any thing. The affiants therefore believe, that, unless the defendants in equity, the plaintiffs at law, are required to give bond and security for the return of the money and interest in the event that the affiants on the final hearing shall have a decree in their favor, they will realize nothing by the decree, which they hope to obtain.” Whereupon, it was ordered that the Clerk of the Superior Court of law of Rutherford County retain the money paid in on the two judgments in that Court, until the plaintiffs at law file bond and security in the sum of
 
 $4000
 
 “conditioned for the repayment of the money and interest whenever so decreed by this Court.” As a condition precedent to this order, the plaintiffs were required to give bond and security in the sum of $1000 to indemnify the plaintiffs at law against any loss of interest by the retention of the money, if a decree should not be made in favor of the plaintiff, and the defendants were permitted to appeal.
 

 The power of this Court to make such orders, as may be necessary to secure to the plaintiffs the fruit of decrees in their favor, is beyond question.
 

 In ordinary cases, this object is attained by holding the defendants to bail aad such is the general course in Courts of law, except in the action of replevin. But where there is a trust fund, Courts of Equity are not content with bail simply and deem it right to seize the funds by a writ of sequestration, or put it into the hands of a receiver; where the equity is, to prevent the unconscientious use of a legal right, the course is to restrain the party by an injunction until further order, and upon the coming in of the answer, the injunction is either continued until the hearing (in which case the plaintiff is amply secured) or is dissolved, as was done in this case, which leaves the plaintiff with
 
 *52
 
 out any security, for he has not even that of a bail bond* and in this latter case, upon a proper foundation being laid, the Court will in its discretion, provide for the security of the plaintiffs; but the power ought to be exercised sparing-* ly and in a way to interfere as little as possible with the rights of the defendants, for there are these two presumptions against the plaintiffs, one growing out of the judgment at law, the other out of the decretal order, dissolving the injunction. Still, as he may entitle himself to a decree on the final hearing, if he can show that there is danger, on account of the defendants being non residents, or of their being insolvent, that such decree will not be satisfied, he is entitled to the aid of the Court in provid< ing a proper security, and the question is, what that security ought to be
 
 1
 
 For the defendants it is said, that this is not a trust fund, and if the bill had been filed without praying for the injunction, the plaintiffs’ security would have been a bail bond ; and as .the injunction is dissolved, the case stands as if none had issued, and the plaintiffs have no right to ask to.be put in a better condition, by requiring the defendants to forego the present enjoyment of the money, instead of a bail bond. The reply.is, it'is true this is not a trust fund ; but the fund is now within the control of the Court; it has not yet reached the hands of the defendants, and although, in,ordinary cases, bail is the only security required, it is not because that is deemed the best or even satisfactory security, but because it is not in the power of the Court to provide any better. Whereas, when the fund is in Court, there is no reason, why the plaintiff should not have the Lest and most satisfactory security, “to-wit,” that the fund be retained or bond be given for its repayment. This seems to be a sufficient answer, and such has been the practice in Courts of Equity in this State,
 
 Clark
 
 v,
 
 Wells, 2
 
 Mur. 3. In the present case, the Court below erred in several particulars. It was erroneous to require the Clerk of the Superior
 
 *53
 
 Court of Lawto retain the funds; for, admitting bis lia-biJityiapon his official bond for the safe keeping of the money, and to say nothing of the loss of interest,,the proper course was to require the plaintiffs at law, to take the fund from the Court of law and bring it into the. Court of Equity, so as to put it under the control of that Court, ■where the necessary orders for its safe keeping and lending it out at interest, &c. might be made. It was erroneous to require a bond of $4000 to be filed, before any of the parties were at liberty to draw their respective shares, as the fund was not a joint one, but was held by the plaintiffs at law in trust for the heirs, whose land had been sold and who were entitled to shares of the money respectively. As to Cowan, who is entitled to a share, no foundation was laid to require a bond for its return, and there was no reason why he should not have been, allowed to receive it. As to Sims and Price, it may well be, questioned, whether there was sufficient foundation laid to prevent either of them from receiving their respective shares. The plaintiffs do not state, .that they have any personal knowledge of their pecuniary condition, or set out from whom they received information, or show any ground for their belief, but simply say, they are informed and believe, &c. We express no opinion on this point, as the necessary proof may be made at the next term of the Court below,
 

 There is another ground of objection to the order requiring bond for the return of the entire fund. The plaintiffs allege in their bill, that the land is not worth $2000, but admit that it is worth $400 or $500. Now to this amount, according to their own showing, they have ample security and the order should only have extended to the respective shares of the several heirs (who were shown to be non-residents or insolvent, or so nearly so as not to be responsible.) in the fund, after deducting the present value of the land.
 

 
 *54
 
 This opinion will be certified to the Court below, with directions to reverse the orders appealed from, and to make such orders as the parties may show themselves entitled to in conformity to this opinion. No costs are given, in this Court.
 

 Pee Cueiam Ordered accordingly..